*1274 OPINION

Per Curiam:

This is an appeal from an order of the district court reversing an appeals officer’s decision and denying an additional vocational rehabilitation program for appellant. Because the standard of review requires that we determine whether the decision of the appeals officer was clearly erroneous in light of the evidence,[1] it is necessary to recount the procedural and factual history of this case in some detail.
On November 3, 1983, appellant Luther Stark fell from scaffolding during work, injuring his back and ribs. The State Industrial Insurance System (“SIIS”) accepted Stark’s claim and provided medical treatment and benefits. In 1986, Stark was released to work in a light duty capacity with a maximum lifting restriction of fifty pounds on an infrequent basis. SIIS then purchased, as a rehabilitative program, an acoustical sprayer and truck that Stark could use to return to work as an acoustical sprayer. Stark then worked as a drywall supervisor for Terrasol Homes and also advertised his services as a drywall supervisor.
In 1988, SIIS reopened Stark’s claim for further medical treatment due to a worsening in the condition related to his original industrial injury. Dr. Robert M. Barry told Stark that he should no longer perform manual labor. In 1989, SIIS referred Stark for a functional capacity evaluation to determine his ability to return to work. The test determined that Stark’s work capacity was reduced further to thirty-five pounds lifting infrequently and eighteen pounds lifting on a frequent basis.
In 1991, SIIS sent Stark to the Washoe Medical Center for a comprehensive integrated workup (“CIW”). This extensive examination determined that Stark was permanently restricted to lifting a maximum of twenty pounds on an infrequent basis or carrying objects of no more than ten pounds and that the worsening of the condition was a result of the original industrial injury of 1983. Stark testified that acoustical spraying required him to lift bags of texture weighing fifty pounds, acoustical spray materials weighing thirty-two pounds, and drywall mud weighing fifty pounds. Such lifting was required up to thirty times a day. Stark also testified that his physical restrictions prohibited him from working construction at all, because even supervisors are working supervisors and are required to perform many of the duties of an acoustical sprayer. However, in 1991, SIIS denied Stark further rehabilitative services, claiming that Stark had residual skills *1275 and had been returned to gainful employment. Stark then appealed. The hearing officer affirmed this decision, and Stark again appealed. The appeals officer reversed the hearing officer’s decision and ordered another rehabilitation program.
SIIS sought judicial review, arguing that the appeals officer made an error of law by granting another rehabilitation program, as well as by not allowing SIIS to bring into evidence transcripts from a previous hearing that dealt with Stark’s permanent partial disability and rehabilitation. The district court ordered the transcripts admitted into evidence and remanded the case to the appeals officer. However, the court retained jurisdiction to review the new decision for errors of law. When the appeals officer again ordered another rehabilitation program for Stark, the court reversed the new decision. This appeal followed.
We conclude that the district court erred by reversing the decision of the appeals officer. NRS 233B. 135(3) states that a court, upon review of an agency decision, shall not substitute its judgment “as to the weight of evidence on a question of fact.” However, the statute permits a court to set aside an agency decision if it is affected by an error of law, or is “[c]learly erroneous in view of the reliable, probative and substantial evidence on the whole record.” This court, in Nevada Industrial Comm’n v. Reese, 93 Nev. 115, 126, 560 P.2d 1352, 1358 (1977), stated that a district court may not disturb appeals officers’ decisions if they are not “clearly erroneous or otherwise amount to an abuse of discretion.” In this case, the appeals officer found that “Stark credibly testified that his physical restrictions were such that he could not continue to do the job he had been rehabilitated to do because of the requirements of acoustical spraying.” There is substantial evidence to support this conclusion. Stark testified that even as a supervisor he was required to work as an acoustical sprayer, a job that entailed lifting up to fifty pounds as often as thirty times a day. The CIW results restricted Stark to lifting up to only twenty pounds on an infrequent basis. NAC 616.096(2) states that “[i]f the injured employee is unable to perform the duties of a new job for reasons related to his injury or disease, the insurer must reinstate vocational rehabilitation benefits.” Thus, substantial evidence supported the appeals officer’s decision to order another rehabilitation program, and the decision of the appeals officer should have been affirmed. It was an abuse of discretion for the district court to reverse the decision of the appeals officer.
The district court stated in the decision and order that “the Appeals Officer erred in the law by ordering another vocational rehabilitation program when Mr. Stark had already used his *1276 entitlement and voluntarily waived any further vocational rehabilitation entitlement because he worked for Terrasol Homes as a dry wall supervisor and for himself in Pahrump.” SIIS argues that under NAC 616.096, Stark is not eligible for rehabilitative benefits because he was returned to gainful employment, i.e., as a supervisor for Terrasol Homes and as a self-employed supervisor. However, as already mentioned, NAC 616.096(2) states that if an employee is unable to perform the duties of the new job because of the original industrial injury, the insurer must reinstate rehabilitation benefits. There was substantial evidence to find, as the appeals officer did find, that Stark’s worsening condition prevented him from performing the duties of a drywall supervisor. Thus, it did not amount to an abuse of discretion to order another rehabilitation program for Stark. See NRS 233B.135(3)(e), (f); Reese, 93 Nev. 115, 560 P.2d 1352.
In order to find that Stark should be given another rehabilitation program, it is only necessary to find that because of a worsening condition, he is unable to perform the duties of the job he was rehabilitated to do. Stark’s testimony, along with the results of the CIW, provide substantial evidence to reach that conclusion. The appeals officer felt that Stark’s testimony was credible. SIIS has given no basis for finding that decision “clearly erroneous.” The decision of the appeals officer was correct, and we therefore vacate the district court’s order.

 See NRS 233B. 135(3).